AUSA: Matthew Roth  Telephone: 313-226-9186
Special Agent : Michael J. Thomas  Telephone: 313-965-2323
AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America,

    Plaintiff,

v.

JOHNATHAN TAFOYA-MONTANO

    Defendant(s).

Case: 2:16-mj-30084
Assigned To : Unassigned
Assign. Date : 3/1/2016
Description: CMP USA v. TAFOYA-MONTANO (SO)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about the date(s) of February 1 through March 1, 2016, in the county of Wayne in the Eastern District of Michigan, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 32(a)(1) | Destruction of Aircraft or Aircraft Facilities |
| Title 18, United States Code, Section 1001 | False Statements or Entries Generally |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Michael J. Thomas, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: March 1, 2016

*Judge's signature*

City and state: Detroit, Michigan

Anthony P. Patti, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

## I. INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation and have been for over eighteen years. I am currently assigned to the Joint Terrorism Task Force at Detroit Metropolitan Airport and investigate all crimes that take place at the airport or on any airplane.

2. Based on my investigation, probable cause exists that Johnathan TAFOYA-MONTANO did knowingly and willfully set fire to American Airlines flight 1418, on February 1, 2016, which departed Dallas, Texas, in route to Detroit, Michigan, Eastern District of Michigan, in violation of Title 18, United States Code, Section 32(a)(1).

## II. SUMMARY OF INVESTIGATION

3. On or about February 1, 2016, a fire was reported to the captain of American Airlines flight 1418. TAFOYA-MONTANO, a flight attendant working on flight 1418, reported the fire and indicated that the fire was in the rear left lavatory of the airplane. TAFOYA-MONTANO reported that he had extinguished the fire.

4. Upon report of the fire, the captain notified the FAA control tower. The control tower declared an emergency while flight 1418 was descending for

landing at Detroit Metropolitan Airport. The aircraft landed without incident and all passengers and crew safely disembarked.

5. The FBI and Wayne County Airport Authority Police Department ("Airport Police") initiated an investigation. Affiant, along with Detective Berezansky of the Airport Police, interviewed several passengers and each member of the crew. Affiant and the Airport Police had portions of the evidence reviewed by the National Transportation Safety Board. At the conclusion of the investigation, it was determined that the fire was intentionally set.

6. The FBI and Airport Police determined, based on their interviews, including the interview of TAFOYA-MONTANO, that no one used the rear lavatory at least fifteen to twenty minutes prior to the fire. Only TAFOYA-MONTANO and one other flight attendant were in the vicinity of the rear lavatory when the fire started. TAFOYA-MONTANO indicated that all of the passengers were seated when the fire started.

7. On March 1, 2016, TAFOYA-MONTANO was interviewed at the FBI office in Detroit. Prior to an interview, TAFOYA-MONTANO was advised of his Constitutional Rights. TAFOYA-MONTANO agreed to waive his Constitutional Rights and answer questions.

8. During his interview TAFOYA-MONTANO made the following statements:

a. TAFOYA-MONTANO admitted that he initially lied when he was interviewed by law enforcement on February 1, 2016 and the FBI on February 2, 2016;

b. TAFOYA-MONTANO admitted that all of his previous statements related to the fire were also untrue;

c. After admitting that he had lied to the FBI and Airport Police, TAFOYA-MONTANO provided several stories about how the fire accidentally started;

d. After further questioning, TAFOYA-MONTANO recanted all of his "accident" stories and admitted that he intentionally set fire to the paper towels located in the rear lavatory of the airplane;

e. TAFOYA-MONTANO used a green colored Bic lighter to start the fire. Once the fire gained intensity, he immediately put the fire out;

f. TAFOYA-MONTANO next exited the rear lavatory, stood in the hallway for several minutes, pretended to discover the fire, and extinguished the remaining smoldering paper towels with a fire extinguisher after declaring an emergency to the other flight attendants; and

3

g.  TAFOYA-MONTANO contacted the captain, reported the fire, and reported that he extinguished the fire.

9. Based on the totality of the evidence and TAFOYA-MONTANO statements, TAFOYA-MONTANO did knowingly and willfully set fire to American Airlines flight 1418, on February 1, 2016, which departed Dallas, Texas, in route to Detroit, Michigan, Eastern District of Michigan, in violation of Title 18, United States Code, Section 32(a)(1).

10. Further, TAFOYA-MONTANO, while at Detroit Metropolitan Airport, within the Eastern District of Michigan, knowingly and willfully made materially false, fictitious, or fraudulent statements or representation to the FBI, a member of the executive branch of the Government of the United States, in a matter within the jurisdiction of the FBI.

_____
Michael J. Thomas
FBI, Special Agent

Sworn and subscribed to me on
this first day of March, 2016

_____
ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

4